UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORNELIUS HUGHES, #275096,

      Petitioner,

v.                               Case Number 1:10-CV-14448
                               Honorable Thomas L. Ludington

THOMAS BELL,

      Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Cornelius Hughes, a Michigan state prisoner, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2009, Petitioner pleaded guilty to first-degree home invasion in violation of section 750.110(A)(2) of the Michigan Compiled Laws. He was sentenced to six-and-one-half to 20 years imprisonment and ordered to pay a victims' rights fee, state minimum costs, and restitution. Petitioner now challenges the validity of his plea and the effectiveness of trial counsel. Because Petitioner's claims lack merit, his petition will be denied. A certificate of appealability and leave to proceed in forma pauperis on appeal will also be denied.

**I**

Petitioner's convictions arise from a home invasion which occurred on March 18, 2009 in Byron Center, Michigan. On May 21, 2009, Petitioner pleaded guilty to one count of first-degree home invasion in exchange for the dismissal of an illegal use of a financial transaction device charge and a fourth habitual offender enhancement. In providing a factual basis for his

plea, Petitioner admitted entering the attached garage of an occupied home with the intention to steal. There was no sentencing agreement, but the parties indicated that they were "going to leave this open for further negotiations regarding the sentencing, depending on [Petitioner's] cooperation in clearing up some other home invasion charges."

The trial court informed Petitioner that the maximum sentence for first-degree home invasion was 20 years imprisonment and confirmed that he was aware of the rights that he was giving up by pleading guilty. Petitioner acknowledged that he was pleading guilty of his own free will and that no threats or promises, other than those stated on the record, were made to him to induce him to plead guilty. The trial court found the plea to be voluntary and accepted it.

A sentencing hearing was conducted on June 30, 2009. At that hearing, Petitioner disputed the restitution amount and defense counsel indicated that he would schedule a hearing as necessary. Defense counsel stated that he reviewed the sentencing guidelines, but did not find any scoring errors, and noted that Petitioner did not like "what they turned out to be." The defense also made a correction to the pre-sentence report regarding a drug test, and the court struck the disputed information from the report. Petitioner then stated that he was "supposed to be gettin' seven and a half to 20 years" but brought up the fact that the prosecutor said that sentencing negotiations were to remain open. The trial judge indicated that he had no contact with the prosecutor and there was no sentencing agreement, but stated he was willing to postpone sentencing for two weeks to allow defense counsel to look into the matter. Petitioner, however, informed defense counsel and the court that he would rather just be sentenced on the information that was available and indicated that he understood what his sentence might be. The trial court then sentenced Petitioner at the low end of the guidelines to six-and-one-half to 20 years imprisonment.

Following sentencing, Petitioner moved to withdraw his plea asserting that his plea was entered without knowledge of the sentencing guidelines, that the prosecutor reneged on a promise to renegotiate his sentence, that the trial court erred in not holding a restitution hearing, and that trial counsel was ineffective. The trial court conducted a hearing and denied the motion in a written opinion. *People v. Hughes*, No. 09-03654-FH (Kent Co. Cir. Ct. Feb. 16, 2010) (unpublished). Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied the application "for lack of merit in the grounds presented." *People v. Hughes*, No. 296667 (Mich. Ct. App. April 19, 2010) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Hughes*, 787 N.W.2d 111 (Mich. 2010).

Petitioner thereafter submitted his federal habeas petition asserting two claims. First, Petitioner asserts that his plea is invalid because the prosecutor reneged on his promise to allow him to renegotiate his sentence. And second, Petitioner asserts that his trial counsel was ineffective for not providing Petitioner with the sentencing guidelines and not seeking a restitution hearing.

**II**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which governs this case, permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

A state court decision to be "contrary to" clearly established precedent, the Supreme Court explains, "if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams*, 529 U.S. at 405–06. A state court decision involves an "unreasonable application" of clearly established precedent, the Court further explains, "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

In sum, federal habeas review is a "guard against extreme malfunctions in the state criminal justice systems," not "a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough*, 541 U.S. at 664). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

### III

### A

Petitioner first asserts that he is entitled to habeas relief because the prosecutor reneged on a promise to allow him to renegotiate his sentence.

When a habeas petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not

-4-

induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

The trial court addressed this issue in denying Petitioner's motion to withdraw his plea and found it to be without merit. The court explained:

> The record does not support a finding that defendant's plea was not entered understandingly, knowingly, or voluntarily, or that some other error in the plea proceeding exists which entitles defendant to the relief sought. The plea bargain agreement was stated on the record during the plea hearing, and defendant agreed that it was a "full and accurate statement of the plea bargain as [he] understood it." Defendant denied being induced to enter this agreement through any additional promises. At the June 30, 2009 hearing, prior to sentencing, defendant told the Court what he was told or, at least anticipated, his sentence would be. Defendant stated:
>
>> Yes. Um, I — it was indicated to me that, uh, I was supposed — I was supposed to be getting seven and a half to 20 years.
>
> The sentence defendant received, six-and-a-half to twenty years, was less than what he was anticipating. Further, at the beginning of the May 21, 2009 plea hearing, the Court informed defendant that the maximum sentence for the charge for which he was considering to plead was twenty years.
>
> Regarding defendant's objections on the basis of alleged further negotiations which never took place, defense counsel indicated during the plea hearing that certain charges were not brought and defendant indicated at sentencing that the negotiations were in connection with other cases or potential charges. Regardless, the Court gave defendant the opportunity to delay sentencing for two weeks to facilitate such negotiations, if possible, and to allow defendant to decide whether to go forward. Defendant declined. He informed defense counsel that he wanted to go forward on the information presented that day and verified this with the

> Court on the record. Finally, prior to imposing the sentence, the Court asked defendant if he understood "at least what I'm thinking in my mind of sentencing you to," and the defendant stated "I understand."
>
> The record belies defendant's claim that he was not aware what his sentence would be based on or that he had not been given "some idea of what the guidelines range was likely to be." Defendant's subjective dissatisfaction with the sentence, to the extent this exists, is not a basis for withdrawing the plea.

*Hughes*, No. 09-03654-FH, at *2-3 (citations omitted). The Michigan appellate courts denied leave to appeal.

The state courts' denial of relief on this claim is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The state court record reveals that Petitioner's guilty plea was knowing, intelligent, and voluntary.

Petitioner was 31-years-old at the time of his plea. He had a high school education. He also was familiar with the criminal justice system, having prior felony convictions. There is no evidence that he suffered from physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the charges and the terms of the plea and its direct consequences, including the maximum sentence for first-degree home invasion. There was no sentencing agreement, but the parties stated that sentencing negotiations remained open and that other charges would be dismissed if Petitioner cooperated with authorities. Petitioner indicated he understood the terms of the plea, that he was pleading guilty of his own free will, and that he had not been coerced, threatened, or promised anything else to induce his plea. Petitioner's plea was thus knowing, intelligent, and voluntary.

Against this conclusion, Petitioner argues that the government breached his plea agreement in violation of his due process rights because the prosecutor did not renegotiate his sentence. In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the United States Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." The Court subsequently clarified this language, holding that *Santobello* does not apply to every rescinded government promise. Rather, it applies only to those promises that induce a defendant to enter the plea. *See Mabry v. Johnson*, 467 U.S. 504, 507–08, 510 (1984).

Here, however, the record indicates that Petitioner's plea was not premised on the possibility of renegotiating his sentence in the instant case. Rather, it appears that the prosecutor was willing to dismiss, or not pursue, charges in other home invasion cases if Petitioner cooperated with the authorities. The record also reflects that Petitioner received a significant benefit for his plea — the dismissal of another charge and the dismissal of a fourth habitual offender sentencing enhancement.

Petitioner indicated at sentencing that he understood his likely sentence, declined the trial court's offer to postpone sentencing so that he could discuss matters with the prosecutor, and asked to be sentenced based upon the information before the court. Petitioner has not demonstrated a breach of his plea agreement. And, moreover, he has waived his claim that the prosecutor breached the plea agreement. *See, e.g., United States v. Olano*, 507 U.S. 725, 733 (1993) (explaining that waiver is the "intentional relinquishment or abandonment of a known right" such that one who waives a right may not seek appellate review because the waiver extinguishes any error). Habeas relief is therefore not warranted on this claim.

**B**

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for not providing him with the sentencing guidelines and for not prosecuting a restitution hearing.

The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, Petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Second, if Petitioner satisfies the first prong of this test, Petitioner must then demonstrate that counsel's performance resulted in prejudice — "that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The standard is not easily met. As the Supreme Court explains, "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is]

all the more essential when reviewing the choices an attorney made at the plea bargain stage");

*see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

Here, the trial court denied relief on this claim in denying Petitioner's motion to withdraw his plea. The court explained:

> Finally, defendant's allegations of ineffective assistance of counsel is without merit. Michigan law presumes effective assistance of counsel, and defendant bears a heavy burden of establishing that counsel's performance fell below an objective standard of reasonableness under professional norms and that there is a reasonable probability that but for counsel's errors, the result would have been different. When this allegation is made in the context of a motion to withdraw a guilty plea, the determination is whether defendant tendered the plea voluntarily and understandably. Further, counsel's competency is evaluated not by considering his advice in retrospect, but by considering whether the advice was in the range of competence demanded of attorneys in criminal cases.
>
> As explained above, the record belies any argument that defendant did not enter his plea of guilty voluntarily and understandably. Defendant acknowledged the sentence he anticipated would be imposed and opted to continue with sentencing after the Court offered to adjourn sentencing to allow defendant to look into the alleged negotiations. Further, defendant presents no basis for finding defense counsel's failure to schedule a restitution hearing fell below the standard of reasonableness, as further inquiry may have led him and defendant to determine that refunds were not available. Lastly, even if this did constitute a deficiency, defendant presents no evidence or even allegation that the restitution amount would have been lower had such a hearing been scheduled.

*People v. Hughes*, No. 09-03654-FH at *3-4 (citations and quotation marks omitted). The Michigan appellate courts denied leave to appeal.

The state courts' denial of relief on this claim is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner's claim that counsel did not provide him with the sentencing guidelines is not supported by the record. At sentencing, defense counsel specifically stated that he had gone over the sentencing guidelines and found no errors, but that Petitioner was not happy with how they came out. Counsel and Petitioner also disputed the restitution amount and secured a correction to the pre-

sentence report. The trial court informed Petitioner that the maximum sentence for first-degree home invasion was 20 years imprisonment and Petitioner indicated that he understood that his sentence would likely be seven-and-one-half to 20 years imprisonment. Petitioner has not shown that trial counsel erred or that he was otherwise not properly advised as to the sentencing consequences of his plea. Moreover, even if counsel erred in some fashion, Petitioner has neither alleged nor established that he was prejudiced by counsel's conduct in this regard, *i*.e., that the sentencing guidelines were incorrectly scored and/or that he would not have tendered his guilty plea.

Second, as to restitution, Petitioner has failed to show that defense counsel erred or that he was prejudiced by counsel's conduct. As an initial matter, the record indicates that counsel raised the issue of restitution at sentencing and then filed a motion for modification of restitution on December 1, 2009, which was denied on January 7, 2010. Additionally, counsel raised the issue of restitution in the motion for plea withdrawal, but the trial court denied the request for an evidentiary hearing. Petitioner has not shown what more counsel could have done or what additional information would have been uncovered upon further investigation of this issue. Similarly, Petitioner has not shown that any restitution hearing would have been successful, i.e., that the amount of restitution should have or would have been lowered. *See Dorchy v. Jones*, 320 F. Supp. 2d 564, 581 (E.D. Mich. 2004) (denying habeas relief on similar claim). Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). Habeas relief is not warranted on this claim.

## IV

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id*. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Petitioner will also not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

V

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

Dated: December 13, 2012

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Cornelius Hughes #275096 at Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 by first class U.S. mail on December 13, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS